BAKER v. STEKETEE.

1. Evidence—Hearsay.

In action against sheriff for false imprisonment statements by plaintiff made to witness while not in the presence of sheriff or any of his deputies was properly rejected as hearsay.

2. False Imprisonment—Burden of Proof—Preponderance of Evidence.

Plaintiff has burden of establishing her case for false imprisonment by a preponderance of the evidence.

3. Appeal and Error—False Imprisonment—Malice—Damages.

Instruction that there was no malice shown in action for false imprisonment was not prejudicial error where jury found plaintiff was not unlawfully detained since presence of malice merely affects amount of damages.

4. FALSE IMPRISONMENT—VERDICT NOT AGAINST GREAT WEIGHT OF
   EVIDENCE.

    Verdict for sheriff in action for false imprisonment *held,* not
   against the great weight of the evidence, where evidence tend-
   ing to support respective contentions was in decided conflict
   and presented issue of fact for jury.

Appeal from Ottawa; Miles (Fred T.), J. Sub-
mitted April 11, 1934. (Docket No. 62, Calendar
No. 37,623.) Decided June 4, 1934.

Case by Lenora C. Baker against Cornelius Steke-
tee, Ottawa county sheriff, Michigan Surety Com-
pany, a Michigan corporation, and Fidelity & Casu-
alty Company of New York, a foreign corporation,
sureties, for alleged false imprisonment. Verdict
and judgment for defendants. Plaintiff appeals.
Affirmed.

*Thomas D. Anderson* and *George C. Brown,* for
plaintiff.

*John R. Dethmers,* for defendant Steketee.

*Shields, Silsbee, Ballard & Jennings,* for defend-
ant Michigan Surety Company.

*Mason, Alexander, McCaslin & Cholette,* for de-
fendant Fidelity & Casualty Company of New York.

*Louis H. Osterhous,* of counsel, for all defendants.

NORTH, J. This is a suit for damages for alleged
false imprisonment. Upon trial before jury the de-
fendants had verdict and judgment. Plaintiff has
appealed. Reversal is sought because of four alleged
errors in the rulings of the trial court as to the
admissibility of testimony, because the court erred
in charging the jury: ''There is no malice shown in

this case," and also in charging that the burden of proof was upon plaintiff. Also as a reason in support of the appeal it is asserted that the verdict was against the great weight of the evidence.

Plaintiff alleges that she was unlawfully imprisoned in the jail of Ottawa county from September 16 to 19, 1932. At that time defendant Cornelius Steketee was sheriff of Ottawa county. There seems to have been serious domestic trouble between plaintiff and her husband. Each contemplated instituting proceedings in the probate court of Ottawa county to have the other adjudicated an insane person. Plaintiff visited the probate court September 16th and insisted that because of fears of her husband she should be cared for. Plaintiff testified that on the 16th she went to the county seat "to see about getting a divorce. I abandoned publicly to the men the matter of inquiring into my husband's insanity. * * * Absolutely the only thing I asked the probate court officers or demanded to know of them was how to go about getting a divorce from my husband. I told them I would stay under their roof until I found out how to go about getting a divorce. I meant the court house roof. * * * I had abandoned all idea of having his (Mr. Baker's) insanity examined into by the court." Plaintiff went into the office of Dr. Ten Have, the county health officer. She testified that she stated to the doctor: "I stay right here until you advise me what to do. * * * The doctor kindly asked me 'where would you want to go? We have no place here like the juvenile home for you.'" Plaintiff responded that she preferred any place to the home of her husband and she thereupon voluntarily accompanied the deputy sheriff to the jail, having previously stated to the doctor: "I am staying under the Ottawa county roof until I know what

I can do." Concerning this last utterance she was asked:

"*Q.* You meant the jail.

"*A.* I thought I would stay possible for about two hours somewhere in Ottawa county, and they would tell me to go about and help myself.

"*Q.* When you said you were going to stay until this was settled, or until you found out what you wanted to know, you meant at the county jail, that is where you proposed and expected to stay, is that what you mean?

"*A.* I don't know; I know I never expected to be locked in."

Plaintiff remained at the jail from Friday until Monday. She claims that she was involuntarily detained during this period in a locked cell. On the other hand the defendant asserts that she remained voluntarily and the cell occupied by her was locked only at night. The issue of fact thus presented was submitted to the jury in the manner disclosed by the following quoted from the judge's charge:

"If you believe from the testimony given here, that the plaintiff, Mrs. Baker, went to the jail and to the cell and stayed there during all the time she was there of her own free will and consent, and did not at any time express to the sheriff or his deputies a wish to leave, then you must find for the defendant and your verdict will be, no cause of action.

"If you find that Mrs. Baker went to the jail or to this cell of her own free will, but later changed her mind and wished to leave and expressed her wish to the sheriff or one of his deputies, and was not allowed to do so and was kept there against her will; or, if you find that Mrs. Baker did not go to the cell knowing that she was to be locked in, and after she was locked in objected to it and did not stay there of her own free will, then you must find for the plaintiff."

On the issue thus submitted the jury found against plaintiff's contention.

We find no reversible error in the rulings on admissibility of evidence. While in the jail plaintiff telephoned to friends. Plaintiff's counsel, referring to this telephone conversation, asked one of these friends while testifying for plaintiff: "What did she (plaintiff) want you to do?" It does not appear that defendant or one of his deputies heard the telephone conversation. The objection that the question called for hearsay was sustained. Evidently the question also called for the conclusion or opinion of the witness. The ruling was proper. Again objection was sustained to testimony as to what was said in a conversation between one of plaintiff's witnesses and a stenographer in the probate office. Neither plaintiff nor defendant or any of defendant's deputies was present. Clearly this was hearsay and properly excluded. The other rulings of which appellant complains were as to matters which were either immaterial or that were covered by testimony given.

The circuit judge was correct in charging the jury that plaintiff had the burden of establishing her case by preponderance of the evidence.

There was no prejudicial error in the charge of the court wherein it was stated: "There is no malice shown in this case." Regardless of the correctness or incorrectness of this statement it did not harm plaintiff because at most "malice," if any, had a bearing only upon the amount of damages to be awarded in case plaintiff prevailed. The jury found plaintiff was not unlawfully detained and therefore did not have occasion to consider or determine the amount of damages to be awarded. We cannot agree with appellant that the judge's statement in regard

to malice would be taken into consideration by the jurors in passing upon the credibility of witnesses. Further, it may be noted that plaintiff did not allege malice in her declaration nor was there any direct testimony of malice. There was decided conflict in the testimony tending to support plaintiff's case and that tending to sustain defendant's contention. An issue of fact was presented and upon the record it cannot be said that the verdict was against the great weight of evidence.

We find no prejudicial error and affirm the judgment entered in the circuit court. Costs to appellees.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.